AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
v.
PERRY ANDERSON SHAWVER, JR.
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 11-30367

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is an unemployed 25 year old five time convicted felon who is alleged to have been found walking down a street in Southwest Detroit at 10:40 p.m. on June 9, 2011 with a loaded .25 caliber pistol carrying 7 live rounds.

(CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 19, 2011 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V PERRY ANDERSON SHAWVER, JR.                                    PAGE 2

Defendant is single and has four children. He is a lifelong resident of the Eastern District of Michigan. He lives with his mother, grandmother, and three half-siblings on Edsel Street in Detroit. His only employment history is a 90 day stint in 2010 as a janitor for Tabernacle Baptist Church in Detroit earning $325 bi-weekly. This was temporary employment which as arranged through his Michigan Department of Corrections Parole Officer. Defendant has never been otherwise employed.

Defendant admits to marijuana use beginning at the age of 16, and last used while under the supervision of the Michigan Department of Corrections in October 2010.

Defendant has five felony convictions for Felony Dangerous Drugs involving cocaine, heroin and marijuana. On 7/18/2005 Defendant was found guilty of Felony Controlled Substance, Del/Mfg. On 8/15/05 he plead guilty to Attempt Felony Controlled Substance Del/Mfg and was sentenced to 90 days confinement with Boot Camp and two years probation. On May 4, 2006 Defendant violated his probation and a warrant was issued. He was arraigned on the charge of Violation of Probation and plead guilty on July 6, 2006. Then just four months later, on November 8, 2006 Defendant violated his probation again and a warrant issued. Defendant was arraigned on the charge.

On May 24, 2006, while Defendant was on probation for the previous charge he was again charged with Felony Dangerous Drugs and plead guilty on June 19, 2006 to Controlled Substance Possession (Narcotic or Cocaine) less than 25 Grams. Defendant was sentenced to one year confinement and two years probation. On February 27, 2007 Defendant violated his probation and a warrant issued. Defendant was arraigned on the probation violation.

On February 1, 2008 Defendant was charged with Felony Dangerous Drugs again, and plead guilty to Attempt Felony Controlled Substance (Cocaine, Heroin, or another narcotic). He was sentenced to 90 - 120 days confinement and three years probation. On May 6, 2009 Defendant was charged with violation of probation and probation was closed WITHOUT IMPROVEMENT.

Defendant's FIFTH drug charge occurred on April 8, 2009 while he was still on probation for the previous offense. Defendant plead guilty to Felony Controlled Substance Delivery/Manufacture Marijuana and was sentenced to 6 months - 4 years in the Michigan Department of Corrections. On December 16, 2010 Defendant was discharged from parole.

Five days after his discharge from parole Defendant was charged with Misdemeanor Obstructing Judiciary or Congress or Legislature. On 6/6/2011 a warrant was requested relating to the Obstruction charge, and on June 9, 2011 the instant charge (Felony Weapons) was dismissed in the state court and charged in this federal court.

Defendant has failed to appear for a court appearance, and has had several periods of absconding from supervision, and is therefore deemed to be a flight risk.

USA V PERRY ANDERSON SHAWVER, JR.                                   PAGE 3

Defendant is also deemed to pose a risk of danger to society based upon the nature of the offense charged, Defendant's criminal history consisting of five felony drug convictions, parole discharge in December 2010 and his history of non-compliance while on supervised release in the form of repeated incidences of engaging in new criminal activity while under supervision, and four violations of probation. Defendant is only 25 years old and seems to be involved in a lifestyle of serial drug dealings resulting in five convictions, and each conviction was followed with a probation violation with a warrant being issued.

Defendant is a danger to the community by clear and convincing evidence and a risk of flight by a preponderance of the evidence. There is no condition, or combination of conditions, that would assure his appearance in court or which would assure the safety of the community. Therefore Detention is Ordered.